THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN D. MOORE,<br><br>                    Plaintiff,<br><br>vs.<br><br>ING BANK, FSB<br><br>                    Defendant. | No.  C11-139Z<br><br>ORDER |

THIS MATTER comes before the Court on defendant ING Bank, FSB's ("ING") motion to dismiss, docket no. 9.  Having reviewed the papers filed in support of, and opposition to, ING's motion, the Court GRANTS the motion.

I.      **BACKGROUND**

Plaintiff Karen D. Moore owns the real property located at 5153 View Road, Langley, Washington, 98260 (the "Property").  Compl. at ¶ 2, docket no. 1.  On December 19, 2007, Moore refinanced her existing mortgage on the Property with two new loans from ING.  Id. at ¶ 12.  Moore borrowed $1,500,000.00 on the first loan and

ORDER - 1

$180,000.00 on the second loan. Id. at ¶ 13. The loans were secured by two deeds of trust on the Property, which were also executed on December 19, 2007. Id. at ¶ 12.

On September 13, 2010, Moore sent ING two rescission notices pursuant to the Truth in Lending Act ("TILA"). Id. at ¶ 28. Moore sent out a second set of TILA rescission notices on November 8, 2010. Id. at ¶ 32. In the notices, Moore demanded that ING rescind the loans, release its security interest in the Property, and return the closing costs paid by Moore.[1] Moore Decl., Exs. 3-4, docket no. 13. In exchange, Moore offered to tender the Property to ING by way of a quitclaim deed. Id.

ING did not comply with Moore's demands. Compl. at ¶ 35, docket no. 1. Moore filed the present lawsuit on January 25, 2011. See id.

## II.  DISCUSSION

All of Moore's claims arise out of two events: (1) the alleged failure by ING to provide Moore with proper disclosures at closing;[2] and (2) ING's allegedly wrongful refusal to rescind the loans in November 2010.[3]

---

[1] The Court takes judicial notice of documents attached as exhibits to the declaration of Karen Moore, docket no. 13, including the rescission letters sent by Moore to ING. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030-31 (9th Cir. 2008) (holding that the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice . . ." when ruling on a motion to dismiss) (internal quotation and citation omitted); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (holding that courts may consider documents outside the pleadings in connection with a motion to dismiss if the documents are referenced in the complaint).

[2] Moore alleges that the failure to provide disclosures entitles her to relief on her claims for breach of contract (First Cause of Action), violation of the Real Estate Settlement Procedures Act ("RESPA")(Second Cause of Action), violation of TILA

below

### A. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). If the Court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. Moore's Claims for Breach of Contract, Violation of RESPA, Violation of ECOA, and Fraud are Dismissed

Moore has voluntarily withdrawn her claims for breach of contract (First Cause of Action) and violation of RESPA (Second Cause of Action) in response to ING's motion to dismiss. See Resp. at 6, docket no. 12 ("Ms. Moore will dismiss [the RESPA] claim."). Moore has also offered no opposition to the dismissal of her claims for fraud (Ninth Cause of Action) and violation of ECOA (Eighth Cause of Action),

---

(Third Cause of Action), declaratory judgment (Fourth Cause of Action), violation of the Equal Credit Opportunity Act ("ECOA") (Eighth Cause of Action), and fraud (Ninth Cause of Action).

[3] Moore alleges that ING's refusal to rescind entitles her to relief on her claims for quiet title (Fifth Cause of Action), slander of title (Sixth Cause of Action), violation of the Fair Debt Collection Practices Act ("FDCPA") (Seventh Cause of Action), and violation of Washington's Consumer Protection Act ("CPA") (Tenth Cause of Action).

which the Court construes as an admission that the motion has merit.  Local Rule CR 7(b)(2).  Accordingly, the Court DISMISSES these claims with prejudice.

### C.     Moore's TILA Claim is Dismissed

ING argues that Moore's TILA claims are barred by TILA's statute of repose, or alternatively, by Moore's failure to tender the proceeds of the loans in connection with the rescission notices.

        1.        <u>Moore's Rescission Claim is Barred by TILA's Three-Year Statute of Repose</u>

Under TILA, if a lender fails to make certain disclosures to a borrower, the borrower has a right to rescind the loan within three days.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).  If the lender fails to provide the borrower with two copies of the notice of right to rescind, in the form set forth in 12 C.F.R. § 226.23(b), the borrower's right to rescind is extended to three years.[4]  12 C.F.R. § 226.23(a)(3); <u>see also</u> 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction.").  The three-year period set forth in

---

[4] ING contends that Moore received the notice of right to rescind, and therefore, she was obligated to rescind the transaction within three days, not three years.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).  In support of this contention, ING submits copies of the notices of right to rescind, signed by Moore.  <u>See</u> Request for Judicial Not., Ex. D, docket no. 10.  The notices are outside the pleadings, and cannot be considered by the Court in determining ING's motion to dismiss unless the Court construes the motion as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  Moreover, even if the notices were properly before the Court for consideration, a signed notice of rescission creates only a rebuttable presumption of delivery of the required disclosures.  15 U.S.C. § 1635(c).  Moore submits evidence that ING delivered blank notices, rather than the required completed disclosures.  Moore Decl., Ex. 2, docket no. 13.  Thus, even if the Court were to construe ING's motion as a motion for summary judgment, the blank notices are sufficient to generate a genuine issue of material fact about the delivery of the notices that would preclude entry of judgment in favor of ING.

ORDER - 4

the statute has been construed as a statute of repose.  <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002).  Accordingly, courts lack subject matter jurisdiction when a section 1635 TILA claim is brought outside the three-year period of repose, which represents an "absolute limitation on rescission actions."  <u>Id.</u>

Moore consummated the loan transaction with ING on December 17, 2007, but failed to bring her claim for rescission in this Court until January 25, 2011, more than three years later.  Moore contends that her rescission claim is not barred because she sent the notice of rescission to ING in November 2010, less than three years after consummating the loan transaction.

However, a borrower's rescission notice does not automatically invalidate a lender's security interest.  <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1172 (9th Cir. 2003).  Rather, under the statute and regulation, the security interest becomes void only when the consumer "rescinds" the transaction.  <u>Id.</u>  "In a contested case, this happens when the right to rescind <u>is determined in the borrower's favor</u>."  <u>Id.</u> (emphasis added).  For this reason, the Ninth Circuit has held that failure to bring a lawsuit to enforce a section 1635 rescission claim within three years results in an "absolute limitation on rescission actions."  <u>Miguel</u>, 309 F.3d at 1164.

Accordingly, as this is a contested case, Moore did not "rescind" the loans until she brought an action to enforce her rights.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> 12 C.F.R. pt. 226, Supp. 1 at 484 (2007) ("Where a consumer's right to rescind is contested by a creditor, a court would normally determine whether the consumer has a right to rescind.").  Moore's

failure to do so within TILA's three-year period of repose is an absolute limitation on her TILA rescission claim.[5]

### 2. In the Alternative, Moore's TILA Rescission Claim is also Barred by her Failure to Tender

If the borrower sends a timely notice of rescission to the lender, TILA and its supporting regulations provide that the lender's security interest becomes void, and the lender is obligated to take all necessary steps to invalidate the security interest and return the borrower's closing costs within twenty days. 12 C.F.R. § 226.23(d). The borrower is then obligated to tender the proceeds of the loan back to the lender. Id. However, the sequence of rescission set forth in the statute and governing regulations "need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds." Yamamoto, 329 F.3d at 1171. To the contrary, "the trial judge has discretion to condition rescission on tender by the borrower of the property he had received from the lender." Id.

Moore argues that Yamamoto does not require tender, and that there is a split among district courts as to whether it is proper for a district court to require a plaintiff to allege the ability to tender at the pleading stage. However, all of the courts in this district that have addressed the issue, including this Court, have concluded that it is proper for the district court to dismiss a TILA claim if the plaintiff has not alleged a present ability to tender the proceeds of the loan back to the lender. See ING Bank, FSB v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009) (Zilly, J.); Abarquez v.

---

[5] Moore's damages claim is also barred by TILA's one-year limitations period on damages claims. See 15 U.S.C. § 1640(e).

Onewest Bank, FSB, 2011 WL 1459458 (W.D. Wash. 2011) (Lasnik, J); McGinley v. Am. Home Mortg. Serv., 2010 WL 4065826 (W.D. Wash. 2010) (Bryan, J.); Galyean v. Onewest Bank, FSB, 2010 WL 5138396 (W.D. Wash. 2010) (Pechman, J). Moreover, the Ninth Circuit has held that "rescission should be conditioned on repayment of the amounts advanced by the lender." Yamamoto, 329 F.3d at 1171 (emphasis in original) (citing LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976)).[6] Here, Moore alleges that she does not have the ability to tender the loan proceeds back to ING. See Compl. at ¶ 31, docket no. 1 ("Due to negative equity in the [Property] and in light of lender's negative reporting on plaintiff's credit, plaintiff cannot simply 'tender' the original loan amount.").[7]

In the alternative, Moore contends that she satisfied TILA's tender requirement by offering to turn over the Property to ING in lieu of cash. Moore argues that TILA permits tender of alternative property when return of the original property would be impractical or inequitable. See 15 U.S.C. § 1635(b). Moore relies heavily on two

---

[6] Even one of the cases cited by Moore holds that dismissal of the complaint is warranted where the plaintiff has not alleged the ability to tender the proceeds of the loan back to the lender. Avina v. BNC Mortg., 2009 WL 5215751 (N.D. Cal. 2009).

[7] ING also notes that Moore has gone through two bankruptcies since the December 2007 refinancing. See Request for Judicial Not., Exs. A-B, docket no. 10. Moore moves to strike the exhibits evidencing her bankruptcies, arguing that the documents are not relevant to the present dispute. Resp. at 2, docket no. 12. The bankruptcy filings are relevant, however, to show that Moore is incapable of tendering the loan proceeds back to ING. Accordingly, the Court DENIES Moore's motion to strike, and takes judicial notice of the prior bankruptcies.

cases[8] in support of her contention that a borrower may tender alternative property: Shepeard v. Quality Siding & Window Factory, 730 F. Supp. 1295 (D. Del. 1990); Mayfield v. Vanguard Sav. & Loan Ass'n, 710 F. Supp. 143 (E.D. Pa. 1989).  In Shepeard, however, instead of money, the lender provided the plaintiff with construction siding, which was subsequently installed on the plaintiff's home. Shepeard, 730 F. Supp. at 1307.  As it would be impracticable to remove and return the siding, the court permitted the plaintiff to tender the reasonable value of the siding in lieu of the siding itself.  Id.  In Mayfield, the court did not permit the plaintiff to tender alternative property; rather, it simply altered the timing of the repayment terms. Mayfield, 710 F. Supp. at 149.  These cases do not apply here, where Moore seeks to tender real property in lieu of cash.  Moore provides no authority for her contention that substitution of real property in lieu of the cash advanced by ING is appropriate. Conversely, the supplement to TILA's regulations indicates that, where the lender advances money, the borrower must tender back cash, rather than alternative forms of property.  12 C.F.R. pt. 226, Supp. 1 at 484 (2007) (noting that in contrast to repayment for the delivery of lumber or fixtures, "money already given to the consumer must be tendered at the creditor's place of business.") (emphasis in

---

[8] Moore also cites to a number of other cases, but fails to provide proper citations, or copies of the cases for the Court's review.  See Resp. at 10-12, docket no. 8. Accordingly, the Court cannot confirm whether the authorities stand for the propositions for which they are cited.  As none of the cases appear to be controlling authority, the Court has not reviewed or considered them.

ORDER - 8

original).[9]  Accordingly, in the alternative, Moore's TILA rescission claim is also barred by Moore's failure to allege the ability to tender, and the Court GRANTS ING's motion to dismiss that claim.

Generally, dismissal without prejudice is the appropriate result for failure to allege tender.  See e.g., ING Bank, FSB, 2009 WL 1455488 at *1.  However, as Moore has affirmatively alleged that she cannot tender the loan proceeds back to ING, see Compl. at ¶ 31, docket no. 1, dismissal without prejudice and with leave to amend would be futile because Moore cannot allege a present ability to tender.  Accordingly, the Court DISMISSES Moore's TILA claims (Third Cause of Action) with prejudice.  Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010) (holding that leave to amend need not be granted if the amendment would be futile).

### D. Moore's Claims for Declaratory Judgment, Quiet Title, Slander of Title, Violation of the FDCPA, and Violation of the CPA are Dismissed

Moore's remaining five claims are all predicated on the viability of her TILA claim.  See Resp. at 12, docket no. 12.  Specifically, all five claims are necessarily dependent upon a finding that Moore's TILA rescission notice was timely, valid, and wrongfully rejected by ING.  Moore's TILA claim is not viable, however, and therefore, the Court GRANTS ING's motion and DISMISSES with prejudice Moore's claims for declaratory judgment (Fourth Cause of Action), quiet title (Fifth Cause of

---

[9] Moreover, even if Moore could tender alternative property, Moore does not allege that the value of the Property is reasonably equivalent to the money that was advanced by ING.  To the contrary, Moore alleges that the Property is worth less than the amount of the loans.  Compl. at ¶ 31, docket no. 1 ("Due to negative equity in the [Property] . . .").

Action), slander of title (Sixth Cause of Action), violation of the FDCPA (Seventh Cause of Action),[10] and violation of the CPA (Tenth Cause of Action).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS ING's motion to dismiss, docket no. 9, and DISMISSES Moore's claims with prejudice.

IT IS SO ORDERED.

DATED this 13th day of May, 2011.

Thomas S. Zilly
United States District Judge

---

[10] In addition, the FDCPA only imposes liability on "debt collectors."  15 U.S.C. § 1692k.  A debt collector "does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person."  15 U.S.C. § 1692a(6)(F).  Here, ING originated Moore's loans.  Compl. at ¶ 12, docket no. 1.  Thus, in the alternative, the Court GRANTS ING's motion on Moore's FDCPA claim because ING is not a "debt collector" under the FDCPA.

ORDER - 10