THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN D. MOORE,

                Plaintiff,

vs.

ING BANK, FSB

                Defendant.

No. C11-139Z

ORDER

This MATTER comes before the Court on Defendant ING Bank FSB's motion for attorney's fees, docket no. 19. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

I. **BACKGROUND**

Plaintiff Karen D. Moore owns the real property located at 5153 View Road, Langley, Washington, 98260 (the 'Property'). Compl. at ¶ 2 (docket no. 1). On December 19, 2007, Moore refinanced her existing mortgage on the Property with two new loans from Defendant ING Bank, FSB ('ING'). Id. at ¶ 12. Moore borrowed $1,500,000.00 on the first loan and $180,000.00 on the second loan. Id. at ¶ 13. The

ORDER - 1

loans were secured by two deeds of trust on the Property, which were also executed on December 19, 2007. Id. at ¶ 12. After Plaintiff defaulted on the loan in August of 2008, ING initiated foreclosure on the property. Def's Mot. for Attorney's Fees at 2 (docket no. 19). On August 10, 2009, Plaintiff filed for bankruptcy, and ING was granted relief from the automatic stay on January 12, 2010, to continue foreclosure proceedings. Mot. to Dismiss Compl. at 2 (docket no. 9).

On September 13, 2010, Moore sent ING two rescission notices pursuant to the Truth in Lending Act ('TILA'). Compl. at ¶ 28. Moore sent out a second set of TILA rescission notices on November 8, 2010. Id. at ¶ 32. In the notices, Moore demanded that ING rescind the loans, release its security interest in the Property, and return the closing costs paid by Moore. Moore Decl., Exs. 3-4 (docket no. 13). In exchange, Moore offered to tender the Property to ING by way of a quitclaim deed. ING refused to rescind the loan, and in January of 2011 Moore brought a ten-count suit, essentially alleging that the refusal was wrongful and that ING failed to provide Moore with proper disclosures at closing. After ING filed a motion to dismiss, Moore voluntarily withdrew her claims for breach of contract and violation of the Real Estate Settlement Procedures Act ('RESPA'). Resp. (docket no. 12). On May 13, 2011, the Court dismissed her remaining claims with prejudice, including her claims for violation of the TILA, declaratory judgment, quiet title, slander of title, violation of the Fair Debt Collection Practices Act ('FDCPA'), violation of the Equal Credit Opportunity Act

('ECOA'), fraudulent inducement and concealment, and violation of the Consumer Protection Act ('CPA'). Order (docket no. 17).

ING now timely moves for $46,804.17 in attorney's fees and costs, covering its defense of the present suit as well as fees and costs incurred during Ms. Moore's bankruptcy proceedings and responding to Ms. Moore's attempts to rescind her loans. ING argues that the attorney's fees provision in the deeds of trust warrant an award of fees in this case. The first deed of trust provides that:

> **10. Expenses; Advances on Covenants; Attorney's Fees; Collection Costs…**Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing, or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses.

Request by Defendant ING Bank FSB for Judicial Notice Re Mot. to Dismiss Compl. of Karen D. Moore, Ex. H, 5, ¶ 10 (docket no. 10). The second deed of trust provides:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If(b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under the Security Instrument…then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property,…Lender's action can include, but are not limited to:…(c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument…Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

Id. at 13, ¶ 9.

II. **DISCUSSION**

**A. Whether ING has prevailed on Plaintiff's claims**

*1. Standard of Review*

Federal courts apply state law to interpret contractual attorney's fees provisions. See Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 800 (9th Cir. 1993). Under Washington law, parties may agree to allocate attorney's fees by contract. RCWA 4.84.010. In order for ING to recover attorney's fees and costs in this case, (1) the action must be "on contract"; (2) ING must be the prevailing party; and (3) the fees incurred must be reasonable. RCWA 4.84.330 (as amended by 2011 Wash. Legis. Serv. Ch. 336 (West)); Wachovia SBA Lending v. Kraft, 165 Wn.2d 481 (2009); cf. Johnston v. Lindauer, 2:07-cv-01280-GEB-EFB, 2010 U.S. Dist. LEXIS 81649, *10 (E.D. Cal. Jul. 19, 2010) (applying a similar test under California state law). "An action is on a contract if it arises out of the contract and the contract is central to the dispute." C-C Bottlers, LTD. v. J.M. Leasing, Inc., 78 Wn. App. 384, 389 (1995).

*2. Plaintiff's claims for breach of contract and violation of RESPA*

Plaintiff voluntarily dismissed her claims for breach of contract and violation of RESPA. Under RCWA 4.84.330, a "prevailing party" means the party in whose favor final judgment is rendered." Because Ms. Moore dismissed her claims voluntarily, ING is not considered a "prevailing party" for the purpose of an award of attorney's fees.

Wachovia SBA Lending v. Kraft, 165 Wn.2d 481, 492 (2009) (holding that a voluntary dismissal is not a "final judgment" within the meaning of the statute). Accordingly, ING is not entitled to attorney's fees for responding to Plaintiff's breach of contract and RESPA claims.

   3. *Plaintiff's claims for violation of TILA, declaratory judgment, quiet title, slander of title, violation of the FDCPA, and violation of the CPA*

The Court dismissed with prejudice Plaintiff's TILA claim, along with Plaintiff's claims for declaratory judgment, quiet title, slander of title, violation of the FDCPA, and violation of the CPA. Order at 9. Plaintiff's TILA rescission claims, along with her TILA-predicated claims, were claims "on contract" because she sought to rescind the contracts at issue. See Baldain v. Am. Home Mortg. Serv., Inc., No. S-09-0931, 2010 WL 2606666, *6 (E.D. Cal. Jun. 28, 2010). Dismissal with prejudice is a "final judgment"; therefore ING was the prevailing party for the purpose of RCWA 4.84.330. See Wachovia, 165 Wn.2d at 491-92. Accordingly, the Court GRANTS ING's request for reasonable attorney's fees for defending against Plaintiff's TILA and TILA-predicated claims.

   4. *Plaintiff's claim for fraudulent inducement and concealment*

Plaintiff's claim for fraud was dismissed with prejudice, making ING the prevailing party. Because Plaintiff prayed for rescission of her loans in connection with her fraud claim, this claim is "on contract". Accordingly, the Court GRANTS ING's

ORDER - 5

request for reasonable attorney's fees for defending against Plaintiff's claim of fraudulent inducement and concealment.

5. *Plaintiff's claim for violation of Equal Credit Opportunity Act* (ECOA)

Plaintiff's claim for violation of the ECOA was also dismissed with prejudice; therefore ING is the prevailing party. Moreover, Ms. Moore's ECOA claim is "on contract". Specifically, she argues that when she applied for a loan, and when ING denied her rescission request, it failed to provide her with required disclosures. Because this disclosure claim is closely linked with her rescission claim, ING's expenses incurred responding to this claim were part of "collecting, enforcing, or protecting Lender's rights and remedies under this Security Instrument." Accordingly, the Court GRANTS ING's request for reasonable attorney's fees for defending against Plaintiff's ECOA claim.

6. *ING's request for fees and costs incurred during Plaintiff's bankruptcy*

ING argues it should be able to recover attorney's fees for time it spent "while protecting defendant's security interests during Ms. Moore's bankruptcy proceedings." Reply at 2 (docket no. 26). The grant of relief from the automatic stay constitutes a final judgment for purposes of RCWA 4.84.330. See In Re City of Desert Hot Springs, 339 F.3d 782, 790 (9th Cir. 2003) ("[D]enial of [relief from the automatic stay] is a final decision and therefore immediately appealable."); In re Aja, 442 B.R. 857, 860 (B.A.P. 1st Cir. 2011) ("A bankruptcy court's order granting relief from the automatic stay is a final order."). Moreover, obtaining relief from the automatic stay in

ORDER - 6

bankruptcy constitutes an action on the contract for purposes of recovering attorney's fees; here ING was forced to proceed in bankruptcy to enforce its rights under the deeds of trust. Accordingly, the Court GRANTS ING's request for fees related to time spent during the bankruptcy proceeding.

   7. *ING's request for fees and costs incurred responding to Plaintiff's attempts to rescind her loans*

ING also argues it should be able to recover attorney's fees for time it spent responding to Ms. Moore's invalid attempts to rescind her loans. Given that it ultimately prevailed in this action in preventing the loan rescission, ING may recover fees for time spent initially responding to Ms. Moore's attempt to rescind her loan. Accordingly, the Court GRANTS ING's request for reasonable attorney's fees for pre-complaint time spent responding to her attempts to rescind the loan.

**B. Amount of Fees Recoverable**

ING argues that it is entitled to recover $46,804.17 in fees and costs. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). The fee applicant "should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court calculates the fee award by the application of the lodestar method. Id. at 433. Under this approach, the

Court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. See id. The Court "may then adjust this lodestar calculation by other factors." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). "[T]he most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436).

    a)  Reasonable hourly rate

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) amended on other grounds, 808 F.2d 1373 (1987). ING has submitted two affidavits, one from Hicks│Park and one from local counsel William A. Kinsel, describing the qualifications and experience of the twelve individuals who worked on the case (nine attorneys and three legal assistants). Decl. of James B. Hicks ¶ 7 ("Hicks Decl.") (docket no. 20); Decl. of William Kinsel ("Kinsel Decl.") ¶¶ 4-7 (docket no. 21). Plaintiff does not object to the hourly rates of the attorneys, and even remarks that he has "no reason to disagree" that "defendants' lawyers have considerable experience." Decl. of Charles Greenberg ¶ 20 (docket no. 24). Given the lack of objections, and based upon the Court's familiarity with the rates charged by attorneys with similar qualifications in the Seattle legal community, the Court finds that the rates are reasonable.

     b) Time spent

Plaintiff challenges the overall fee request and the number of attorneys involved, noting that in a similar case only $24,610 was requested. In reply, ING notes that the fees requested span not only the time spent responding to this action, but the time spent before the complaint was filed. The fee applicant bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours. Hensley v. Eckerhart, 461 U.S. at 433. The Court may reduce hours if the case is overstaffed or if the hours expended are deemed excessive or otherwise unnecessary. Chalmers v. City of Los Angeles, 796 F.2d at 1210.

ING requests a total of $3,822.41 for time spent responding to Ms. Moore's bankruptcy. Def's Mot. for Attorney's Fees, Exs. 1-2. The Court finds the six attorneys needed to respond to the automatic stay was excessive, and that much of the effort responding to the stay was duplicative. Accordingly, the Court reduces the requested fees by 50% and GRANTS ING $1,911.20 in fees for responding to Ms. Moore's bankruptcy petition.

The Court finds that the time spent responding to Ms. Moore's attempt to rescind her loans was reasonable, and accordingly GRANTS ING's request for $1,423.70 for fees and costs incurred responding to Ms. Moore's loan rescission attempts. Id. at Ex. 3.

ING requests $40,484.06 for time spent responding to Ms. Moore's complaint.[1] The Court finds that ING has not adequately documented what amount of time it spent defending against Plaintiff's claims which were voluntarily dismissed, and accordingly reduces the fee request proportionally to reflect the time spent defending Ms. Moore's voluntarily dismissed claims.[2] Since there were two claims out of ten total which were voluntarily dismissed, and otherwise ING prevailed on all remaining claims, the Court reduces ING's requested fees by 20% for the period of time after the filing of the complaint, for a total fee award of $32,387.25.

Finally, ING requests $1,383 in attorney's fees related to the time spent drafting the present motion for attorney's fees, as well as the reply. Because these fees are reasonable, and are related to ING's success in an action related to an action on the contract, the Court hereby GRANTS ING's request for fees for time spent litigating the fee award.

///

///

---

[1] ING requests an additional $867 for fees from William A. Kinsel during May 2011, but has failed to attach a declaration documenting the fee request. Accordingly, the Court denies ING's request for $867.

[2] Although other courts have refused fee requests when the applicant failed to specify time spent on each claim, in these cases the applicant was the prevailing party on only a limited number of claims. See Johnston v. Lindauer, 2:07-cv-01280-GEB-EFB, 2010 U.S. Dist. LEXIS 81649, *14 (E.D. Cal. Jul. 19, 2010); Baldain v. Am. Home Mortg. Servicing, No. S-09-0931 LKK/GGH, 2010 WL 260666, *9 (E.D. Cal. Jun. 28, 2010).

III. **CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART ING's motion for attorney's fees. The Court hereby awards ING a total of $37,105.15 in attorney's fees and costs.

IT IS SO ORDERED.

DATED this 16th day of August, 2011.

Thomas S. Zilly
United States District Judge